UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WAKITA DALTON, ET AL.**                                    CIVIL ACTION

**VERSUS**                                                   NO. 3:19-CV-578

**SHERIFF MIKE CAZES, ET AL.**

STATUS REPORT

A.   **JURISDICTION**

What is the basis for the jurisdiction of the Court?

Subject matter jurisdiction pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331, §1343(a)(3), and supplemental jurisdiction as to state law claims under 28 U.S.C. §1367(a).

B.   **BRIEF EXPLANATION OF THE CASE**

1.   Plaintiffs' claims:   On July 25, 2019, Josef Richardson and his girlfriend Jessica Clouatre were occupants Room 5 at the Budget 7 Motel in Port Allen, Louisiana. Law enforcement forming a group called the "River West Narcotics Task Force" obtained a search warrant for this room after allegedly receiving a tip that drugs were being sold from that room. The agents sought and were granted a "no knock" warrant. Upon information and belief, it was the practice of members of the River West Narcotics Task Force to routinely seek no knock warrants.

One of the officers who executed this warrant was West Baton Rouge Parish Deputy Vance Mantranga. Upon information and belief, Defendant Mantranga has had previous excessive use of force complaints filed against him, and has a reputation for acting in such a manner. Upon information and belief, West Baton Rouge Sheriff Mike Cazes had not taken sufficient previous disciplinary action against Defendant Mantranga.

According to Ms. Clouatre who witnessed the entire incident, Mr. Richardson

was clothed only in his underwear when members of the River West Narcotics Task Force executed the search warrant. As Mr. Richardson was surrendering to deputies and being handcuffed, Deputy Mantranga shot Mr. Richardson in the back of the head, killing him. While Deputy Mantranga claims to have seen Mr. Richardson reaching for what he believed to be a weapon, no weapon was found on Mr. Richardson or in the hotel room.

As a result of this excessive use of force, the Plaintiffs—Mr. Richardson's three children—have all suffered and continue to suffer extraordinary damages.

2. Defendant claims:

On July 25, 2019, members of a law enforcement Task Force , including West Baton Rouge Parish Sheriff's Deputy Vance Matranga, were executing a search warrant at the Budget 7 Motel in Port Allen, Louisiana. The officers had reason to believe that Josef Richardson was distributing methamphetamine and was armed with a handgun. Upon execution of the warrant, Mr. Richardson was noncompliant with commands to show his hands and resisted arrest. During the encounter, Deputy Matranga, believing that Mr. Richardson was retrieving a handgun and that a fellow officer was in immediate danger of being killed or receiving great bodily injury, fired one round from his service weapon, striking Mr. Richardson.  Mr. Richardson succumbed to his injuries on scene.

**C.  PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

There are no pending motions by either party that are unresolved at this time.

**D.  ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1.) Whether Defendants are entitled to qualified immunity. This issue is in dispute.

2.) Whether Plaintiffs have stated a claim upon which relief may be granted. This issue

will be in dispute.

3.) Whether the actions of the defendants were taken in good faith. This issue will be in dispute.

4.) Whether defendants enjoy any Louisiana statutory immunity. This issue is in dispute.

5.) Whether any statutory limitation on liability contained in La. R;S; 13:5106 and La. R.S. 13:5112 are applicable. This issue is in dispute.

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

    1.    Plaintiff's calculation of damages: Plaintiffs are still in the process of receiving treatment, as well as collecting records to accurately answer this question.

    2.    Defendant's calculation of offset and/or plaintiff's damages
    3.    Counterclaimant/cross claimant/third party's calculation of damages:

**F.    SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: All known Defendants have waived service through counsel. Defendants whose identity is yet to be determined will be properly served when identified by Plaintiffs.

**G.    DISCOVERY**

    1.    Initial Disclosures:

        A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

            [ ] YES    [X] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

      B.    Do any parties object to initial disclosures?

          [ ] YES   [ X ] NO

      For any party who answered *yes*, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

   By plaintiff(s): (1) <u>Collection of medical records of Plaintiffs; Identification of experts; (2) Propounding discovery regarding the Juy 25, 2019 incident; (3) Propounding discovery regarding the practices, patterns, protocols, training, and customs of the Denham Springs Police Department; (4) Propounding discovery regarding the employment files, disciplinary records, and prior litigation involving the officers involved in the July 25, 2019 incident; (5) Propounding discovery regarding other excessive use of force claims; (6) Scheduling depositions of all relevant witnesses.</u>

   By defendant(s):

   None as of this time.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

   <u>Plaintiffs' medical records will be at issue in this litigation to prove damages. Plaintiffs will provide waivers for all relevant medical records to Defendants in recognition of their discovery rights.</u>

4. Discovery from experts:

   Identify the subject matter(s) as to which expert testimony will be offered:

   By plaintiff(s): (1) <u>Proper Use of Force Training, Practices, Protocols, and Customs by Police</u>; (2) <u>Plaintiffs' psychiatric and psychological damages</u>

suffered as a result of Defendants' actions.

By defendant(s):

Defendants may offer testimony in the area of police policy and training.

**H.     PROPOSED SCHEDULING ORDER[1]**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: June 1, 2020.

2. Recommended deadlines to join other parties or to amend the pleadings: July 31, 2020.

3. Filing all discovery motions and completing all discovery except experts: November 27, 2020.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff(s): September 8, 2020.

    Defendant(s): October 1, 2020.

5. Exchange of expert reports:

    Plaintiff(s): November 2, 2020.

    Defendant(s): December 1, 2020.

6. Completion of discovery from experts: December 31, 2020.

7. Filing dispositive motions and Daubert motions: January 15, 2021.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[3] The parties should not provide any proposed dates for these remaining deadlines.

    a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b. Deadline to file motions in limine (approximately 20-22 weeks after

        dispositive motion deadline).

    c. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

    d. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    e. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    f. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    g. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I. TRIAL

1. Has a demand for trial by jury been made?

    [ X ] YES [ ] NO

2. Estimate the number of days that trial will require.

    <u>7 days</u>

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

    [ ] YES   [X] NO

    i. If the answer is *yes*, please explain:

    **ii.** If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out

in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[X ] YES [ ] NO

K. **SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

    <u>None as of this date</u>.

2. Do the parties wish to have a settlement conference:

    [X ] YES [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

<u>At the completion of discovery before dispositive motions are due, approximately the end of January 2021</u>.

L. **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES   [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: May 7, 2020

Respectfully submitted,

*/s/ Christopher J. Murell*_____
Christopher J. Murell (#32075)
Lance C. Unglesby (#29690)
Adrian M. Simm, Jr. (#36673)
**Unglesby Law Firm**
246 Napoleon Street
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0120
Fax: (225) 336-4355
Chris@unglesbylaw.com
Lance@unglesbylaw.com
Adrian@unglesbylaw.com

Ronald L. Haley, Jr. (#30900)
**Haley & Associates**
8211 Goodwood Blvd., Suite E
Baton Rouge, Louisiana 70806
Telephone: (225) 663-8869
Fax: (225) 888-900-9771
Rhaley@ronaldhaleylawfirm.com

Dedrick A. Moore (#30329)
**Dedrick A. Moore**
**Attorneys at Law, LLC**
4962 Florida Blvd.
Baton Rouge, Louisiana 70806
Telephone: (225) 412-0412

**Fax: (225) 412-0414**

**Counsel for Plaintiffs**


   */s/ James B. Mullaly*
James B. Mullally (#28296)
**Ursy & Weeks**
1615 Poydras Street
Suite 1250
New Orleans, LA 70112
(504) 592-4600 (phone)
(504) 592-4641 (fax)
jmullaly@ursyweeks.com
***Counsel for Sheriff Mike Cazes, Brett Cavaliere, and Vance Mantranga***